

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Alex Jung
County Attorney
Gillespie County
Fredericksburg, Texas

Dear Sir:

Opinion No. O-3553
Re: Are the forms submitted,
for use in entering plea
of guilty and deposit of
money to pay fine and
costs in "drunk driving"
cases, objectionable?

You have asked our opinion as to whether the use of the following forms in "drunk driving" cases is objectionable:

Form No. 1:

"No._____

The State of Texas,  |  In the District Court of
                     |  Gillespie County, Texas
Vs.                  |
                     |  _____ Term,
_____.         |  A. D. 194___.

To the Honorable Said District Court:

Now comes _____, defendant in the above entitled and numbered cause, and respectfully agrees that said cause may be tried during his absence at the _____ Term, or at any succeeding Term, of this Court; and for such purpose, this defendant does hereby enter his appearance herein and requests that this agreement be entered of record.

_____
Defendant."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Form No. 2:

"No. _____

The State of Texas, | In the District Court of
                    | Gillespie County, Texas.
Vs.                 |
                    | _____ Term,
_____. | A. D. 194_____.

To the Honorable Said District Court:

Now comes _____,
defendant in the above entitled and numbered cause
and hereby enters a plea of guilty herein to the
charge pending against him of 'Operating an automo-
bile while under the influence of intoxicating
liquors.'

Wherefore, this defendant
requests that his said plea be entered of record
herein.

_____
                                            Defendant."

Form No. 3:

"Fredericksburg, Texas
_____, 1941

Mr. E. L. Schmidt, Clerk,
District Court,
Gillespie County,
Fredericksburg, Texas.

Dear Sir:

I am herewith depositing with you the sum of
$_____, which sum it is estimated to cover a
$50.00 fine and costs in Cause No. _____,
State Vs. _____, pending in the District
Court of Gillespie County, Texas, in event such
District Court should fix my punishment in that
sum in such cause.

You are hereby authorized and directed to apply such sum so hereby deposited on such fine and costs or fine or costs as such District Court may assess against me in said cause, if any.

It is understood that the penalty to be assessed in said cause is solely within the province of such District Court and that such District Court is not bound by any statement or representation of any arresting officer or other person to the contrary, if any.

RECEIVED from _____ the above sum of $_____ for deposit with me and disposition as above stated.

_____, Clerk, District Court of Gillespie County, Texas.

We understand from your letter of inquiry that these forms are intended for use between terms of court in prosecutions under Article 802, Vernon's Penal Code of 1925, in which the defendant desires to enter his plea of guilty without the necessity of his being present at any stage of the trial. Article 802, as amended by Acts 1941, 47th Legislature, Regular Session, House Bill No. 73, is as follows:

"Any person who drives or operates an automobile or any other motor vehicle upon any public road or highway in this State, or upon any street or alley within the limits of an incorporated city, town or village, while such person is intoxicated or under the influence of intoxicating liquor, shall be guilty of a misdemeanor, and upon conviction, shall be punished by confinement in the County Jail for not less than ten (10) days nor more than two (2) years, or by a fine of not less than Fifty Dollars ($50) nor more than Five Hundred Dollars ($500), or by both such fine and imprisonment."

Article 580, Vernon's Code of Criminal Procedure of 1925, provides as follows:

"In all prosecutions for felonies, the defendant must be personally present at the trial, and he must likewise be present in all cases of misdemeanor when the punishment or any part thereof is imprisonment in jail. When the record in the appellate court shows that the defendant was present at the commencement, or any portion of the trial, it shall be presumed in the absence of all evidence in the record to the contrary that he was present during the whole trial."

In the case of Cain vs. State, 15 Texas Court of Appeals 41, it was held that, since Article 596, Code of Criminal Procedure (1879), required the personal presence of the defendant at a trial for a misdemeanor punishable wholly or in part by imprisonment in jail, the waiver of defendant's presence at the trial of such a case was in violation of law. But in that case the court further held that, since the punishment assessed was a fine only, and defendant was represented at the trial by counsel, his absence did not render the judgment void. Article 596, Code of Criminal Procedure of 1879, provided:

"In all prosecutions for felonies, the defendant must be personally present on the trial, and he must likewise be present in all cases of indictment or information for misdemeanors where the punishment or any part thereof is imprisonment in jail."

The identity of substance with the first sentence of Article 580, above quoted, will be seen.

The Texas Court of Criminal Appeals has recently held that, where the judgment in a misdemeanor case assessed a jail penalty, it was error for the court to try the case in the absence of the accused. (See Henderson v. State, 127 S. W. (2d) 902; Stewart v. State, 127 S. W. (2d) 903).

Since it appears that the law of Texas clearly requires the presence of the accused at his trial for a misdemeanor, the punishment of which may be confinement in jail, we are impelled to advise against the use of any procedure which is in violation of that law (even though the judgment may not

be void, where the only penalty assessed is a fine). This is particularly true where, as in your case, the court is at liberty to disregard any agreement between the defendant and the prosecuting attorney that the punishment will be by fine only.

It is therefore our opinion that the right of a defendant in a misdemeanor case, in which he may be punished by confinement in jail, to be present at the trial of his case, may not legally be waived in advance of the trial.

In view of our opinion that the purpose for which the submitted forms are intended seems clearly to be in violation of law, it becomes unnecessary to pass upon the sufficiency of the forms to accomplish that purpose.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED DEC 19, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By

W. R. Allen
Assistant

WRA:RS



